[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15319
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20059-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE JACKSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 31, 2017)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

After a jury trial, Tyrone Jackson was convicted of attempting to import and to possess with intent to distribute 500 grams or more of cocaine. For those offenses, the district court sentenced him to a total term of 115 months of imprisonment, at the high end of his advisory guideline range. Jackson appeals his sentence on the ground that it is greater than necessary to meet the purposes of sentencing. He asserts that the court overemphasized the length of his prior criminal record, which, in his view, was composed of mostly minor offenses. After review of the record and the parties' briefs, we affirm Jackson's sentence.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range or inadequately explaining the chosen sentence. *Id.* at 51. We then examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *Id.* Because Jackson does not raise any issue of procedural error on appeal, we address substantive reasonableness only.

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the

public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The court must consider all of the § 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

Our review of the district court's choice of sentence is deferential. *Id.* at 1254–55. As a result, when a district court's sentence falls within its discretion and we do not necessarily agree with it, we will affirm it "even though we would have gone the other way had it been our call." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). Nevertheless, a sentencing court can abuse its considerable discretion by (1) failing to afford consideration to relevant factors that were due significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) committing a clear error of judgment in weighing the proper factors. *Id.* A district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). The party

3

challenging the sentence bears the burden of demonstrating that the sentence is unreasonable "in light of the entire record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256.

Finally, although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (stating that the sentence was reasonable in part because it was well below the statutory maximum).

Here, Jackson has not shown that his 115-month total sentence is substantively unreasonable in light of the record and the § 3553(a) factors. *See Rosales-Bruno*, 789 F.3d at 1256. The district court's decision to give greater weight to Jackson's criminal history was within its discretion. *See id.* at 1254, 1261–63 (upholding a significant upward variance based in substantial part on the defendant's "lengthy criminal history"). The record indicates that the court listened to Jackson's arguments at sentencing but determined that a sentence of 60 months' imprisonment, the statutory minimum, was too short in light of Jackson's "life of one kind of crime or another," for which he had received little to no

4

punishment.  The district court's comments about Jackson's criminal history were supported by the record, which reflected that over the course of decades Jackson had committed dozens of offenses, some of which were violent, and had received jail sentences totaling only 190 days and probation.

Although the district court focused on Jackson's criminal history, it did not rely on that single factor to the exclusion of all other § 3553(a) factors.  In addition to his criminal history, the court cited the nature of Jackson's offense, stating that a large quantity of drugs was involved; the need to promote respect for the law and to provide deterrence, stating that state courts' prior treatment of Jackson did not seem to impress on him the importance of conforming his behavior to the law; and the need to protect society, stating that he had been a disruptive and destructive force in his community.  *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(C).  Thus, the record shows that the court considered Jackson's criminal history in conjunction with other pertinent § 3553(a) factors.[1]

The weight to be accorded the § 3553(a) factors was a matter for the district court, *see Rosales-Bruno*, 789 F.3d at 1254, and Jackson has not shown that the

---

[1] We note that the district court may have committed plain *Tapia* error by considering rehabilitation and drug treatment when deciding on the length of the sentence of imprisonment. *See United States v. Vandergrift*, 754 F.3d 1303, 1309–10 (11th Cir. 2014) (applying the Supreme Court's decision in *Tapia v. United States*, 564 U.S. 319 (2011)).  Nevertheless, given the court's focus on Jackson's criminal history and the other proper § 3553(a) factors, Jackson is not entitled to relief on plain-error review because the record contains no reason to believe that Jackson's "sentence would have been different but for the court's consideration of rehabilitation." *See id.*

district court make a clear error in judgment by arriving at an unreasonable sentence based on the facts of this case, *see Irey*, 612 F.3d at 1190. That the total 115-month sentence is a reasonable one is further supported by the fact that it was both within the advisory guideline range and well below the statutory maximum of 40 years. *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324. Accordingly, we affirm Jackson's total sentence as substantively reasonable.

**AFFIRMED.**